UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

TARIK S. HOLLIS
9930 West Magnolia Street
Milwaukee, WI 53224

  Plaintiff,

  v.              Case No: 17-CV-1708

G4S SECURE SOLUTIONS (USA), INC.
1395 University Boulevard
Jupiter, FL 33458

  Defendant.

## COMPLAINT

COMES NOW the Plaintiff, Tarik S. Hollis, by his counsel, HEINS EMPLOYMENT LAW PRACTICE LLC, by Attorneys Janet L. Heins and Alan Freed, Jr., as and for a claim against the Defendant, alleges and shows to the court as follows:

### JURISDICTION AND VENUE

1. This court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as this case involves a federal question under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

2. The unlawful employment practices giving rise to the Plaintiff's claims occurred within the Eastern District of Wisconsin, and venue is therefore proper in this District pursuant to 28 U.S.C § 1391(b), *inter alia.*

## THE PARTIES

3. Plaintiff, Tarik S. Hollis, who professes the Muslim religious faith, is an adult resident of the State of Wisconsin, residing in Milwaukee County at 9930 West Magnolia Street, Milwaukee, Wisconsin 53224.

4. Defendant, G4S Secure Solutions (USA), Inc., was, at all times material herein, a foreign corporation with a principal address of 1395 University Boulevard, Jupiter, Florida 33458, doing substantial business in the State of Wisconsin in interstate commerce at 633 West Wisconsin Avenue, Suite 593, Milwaukee, Wisconsin 53203.

## THE FACTS

5. Plaintiff began working for Defendant on February 21, 2016 as a Property Resource Officer (security guard).

6. At all times material herein, Plaintiff performed his work duties in accordance with the reasonable expectations of the Defendant.

7. Defendant is a covered employer for purposes of Title VII.

8. Plaintiff professes the Muslim faith, and he wears a full beard as part of his deeply held religious beliefs.

9. In his first or second week on the job, Mike Graybeck gestured to Plaintiff to remove his beard, in front of Plaintiff's supervisor at the time, Jeff Obst. Graybeck was Obst's second level supervisor, above James Joyce.

10. Plaintiff's replacement supervisor, Keith Sexton, told Plaintiff in May 2016 that their customer "who pays the bills" did not want a security guard with a beard. Sexton told Plaintiff to go somewhere else "where they let you grow facial hair."

11. Sexton's supervisor, James Joyce, agreed with Sexton that Plaintiff could not wear facial hair at the client's site.

12. Plaintiff told Sexton that he grew a beard because of his faith and he was not allowed to shave it because of his religion.

13. Defendant's Human Resources manager, Garan Chivinski, told Plaintiff that he had to provide proof that he was not allowed to shave his facial hair, and he told Plaintiff to write an email that could be sent to Defendant's corporate office in Minnesota for approval.

14. Plaintiff emailed Property Manager Mark Nicholson at the client site on May 29, 2016, stating in part, "Recently I have been informed that I would have to change sites due to the fact that I wear a beard and that it is against the recent post orders created with the help of Keith Sexton after he was informed that it was against my religious belief to shave my beard," and asking that he be allowed to remain at the client site with his beard.

15. Plaintiff was removed from the worksite and not allowed to return to work with facial hair, and he was told his shift had been filled.

16. On or about June 3, 2016, Plaintiff filed a complaint of employment discrimination against Defendant with the U.S. Equal Employment Opportunity Commission ("EEOC") as EEOC Case No. 443-2016-01075C.

17. On June 4, 2016, Plaintiff sent an email to Garan Chivinski, Defendant's Human Resources Manager, stating in part, "You recently informed me to send an Email. I wasn't entirely clear what was needed in regards to my religion. I am Muslim. I have informed Mike Graybach along with James, and Keith Sexton early on."

18. Plaintiff contacted Defendant's Recruit Manager, Yodora Ballard, by phone for information on his employment. After Plaintiff identified himself, Ballard responded, "Oh, you

were the one removed for having facial hair."

19. On July 1, 2016, Defendant terminated Plaintiff's employment.

20. On July 19, 2016, Plaintiff filed an employment discrimination and retaliation complaint against Defendant with the EEOC as EEOC Case No. 443-2016-01275.

21. The EEOC issued Plaintiff a Notice of Right to Sue for EEOC Case No. 443-2016-01275 on September 8, 2017.

22. Plaintiff has exhausted all of his administrative remedies and has satisfied all conditions precedent to bringing this action.

**FIRST CLAIM FOR RELIEF — TITLE VII DISCRIMINATION**

23. Plaintiff realleges and incorporates paragraphs 1-23 of this complaint by reference.

24. Defendant discriminated against Plaintiff based on his religion in terminating his employment, in reckless disregard of her federally protected rights under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*

25. As a result of Defendant's intentional discrimination, Plaintiff has suffered damages in the form of lost wages, lost employment benefits, and emotional distress.

**SECOND CLAIM FOR RELIEF — TITLE VII RETALIATION**

26. Plaintiff realleges and incorporates paragraphs 1-26 of this complaint by reference.

27. Defendant intentionally retaliated against Plaintiff in the terms and conditions of his employment for opposing religious discrimination in the workplace in reckless disregard of his federally protected rights under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*

28. As a result of Defendant's intentional retaliation, Plaintiff has suffered damages in the form of lost wages, lost employment benefits, and emotional distress.

**WHEREFORE**, Plaintiff respectfully requests that this Court:

1. Order Defendant to make Plaintiff whole by providing appropriate back pay, front pay and/or reinstatement, compensatory and punitive damages, pre-judgment and post-judgment interest, and reimbursement for other benefits and expenses in an amount to be shown at trial;

2. Grant to Plaintiff his attorney fees, costs and disbursements as provided by 42 U.S.C. § 2000e-5, and all other applicable statutes and provisions; and

3. Grant to Plaintiff whatever other relief this Court deems just and equitable.

Dated this 7th day of December, 2017.

> HEINS EMPLOYMENT LAW PRACTICE LLC
> Counsel for the Plaintiff
>
> *s/ Janet L. Heins* .
> Janet L. Heins, State Bar No. 1000677

HEINS EMPLOYMENT LAW PRACTICE LLC
1001 West Glen Oaks Lane, Suite 101
Mequon, WI 53092
(262) 241-8444 voice
(262) 241-8455 facsimile
e-mail: jheins@heinslawoffice.com