UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

___

**TARIK S. HOLLIS,**
        **Plaintiff,**

    v.                                                                           Case No. 17-C-1708

**G4S SECURE SOLUTIONS (USA) INC.,**
        **Defendant.**

___

## DECISION AND ORDER

Tarik Hollis alleges that his former employer, G4S Secure Solutions (USA) Inc., discriminated against him on the basis of religion and retaliated against him for complaining about that discrimination, in violation of Title VII of the Civil Rights Act of 1964. Before me now is G4S's motion to either dismiss the complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) or require the plaintiff to provide a more definite statement under Rule 12(e).

## I. BACKGROUND

The complaint alleges that Hollis began working for G4S as a security guard on February 21, 2016. Hollis is Muslim, and he wears a full beard as part of his deeply held religious beliefs. In his first or second week on the job, one of Hollis's supervisors, Mike Graybeck, gestured to plaintiff to remove his beard. Graybeck made this gesture in front of Jeff Obst, who was plaintiff's immediate supervisor. In May 2016, Hollis's new supervisor, Keith Sexton, told Hollis that their customer who "pays the bills" did not want a security guard with a beard. (Compl. ¶ 10.) Sexton also told Hollis to go somewhere else "where they let you grow facial hair." (*Id.*) Sexton's supervisor, James

Joyce, also told Hollis that he could not wear facial hair at the client's site. Hollis told Sexton that wearing a beard was part of his Muslim faith.

Hollis talked to G4S's human-resources manager about his beard, and he was told to write an email to G4S's corporate office in Minnesota about it. On May 29, 2016, Hollis wrote an email to Mark Nicholson, the property manager at the client site, in which he explained that he wore a beard for religious purposes and asked that he be allowed to remain on site with his beard. Shortly thereafter, Hollis was removed from the site and told that his shift had been filled.

On June 3, 2016, Hollis filed a complaint of employment discrimination against G4S with the U.S. Equal Employment Opportunity Commission. On June 4, 2016, Hollis sent an email to G4S's human-resources manager in which he again informed the manager that he was Muslim. Hollis also contacted defendant's "recruit manager," Yolanda Bollard, who told Hollis that he had been removed for having facial hair. (Compl. ¶ 18.)

On July 1, 2016, G4S terminated Hollis's employment. On July 19, 2016, Hollis filed an employment-discrimination and retaliation complaint against G4S with the EEOC. The EEOC issued Hollis a right-to-sue letter on September 8, 2017. Hollis alleges that he "has exhausted all of his administrative remedies and has satisfied all conditions precedent to bringing this action." (Compl. ¶ 22.)

## II. DISCUSSION

Hollis alleges that he was terminated because of his religion and because he opposed discrimination in the workplace, in violation of Title VII. G4S moves to dismiss the complaint on two grounds: (1) for lack of subject-matter jurisdiction because Hollis

2

"did not attach his EEOC Charge of Discrimination to his Complaint" (Br. in Supp. at 2, ECF No. 8), and (2) for failure to allege sufficient facts to state a claim for relief under Title VII. As an alternative to dismissal, G4S seeks an order requiring Hollis to provide a more definite statement.

With respect to subject-matter jurisdiction, G4S argues that a Title VII plaintiff must attach his EEOC charge of discrimination to his complaint so that the court can ensure that the claims alleged in the complaint are within the scope of the charge. However, the statutory requirement to file a charge of discrimination with the EEOC "is not a jurisdictional prerequisite to suit in federal court." *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982). Thus, Hollis's failure to attach his EEOC charge to his complaint does not affect subject-matter jurisdiction. Moreover, there is no rule of pleading that requires a plaintiff to attach the charge to the complaint. *See EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 778 (7th Cir. 2007). Accordingly, I will not dismiss the complaint for failure to attach the charge. If G4S believes that Hollis's suit is outside the scope of his charge, then it may file a motion for summary judgment on that ground. *See Cheek v. W. & So. Life Ins. Co.*, 31 F.3d 497, 499–500 (7th Cir. 1994).

G4S next argues that the complaint should be dismissed for failure to state a claim because Hollis has not alleged all the elements necessary to establish *prima facie* cases of religious discrimination and retaliation. (Br. in Supp. at 4–5.) However, the Supreme Court has expressly held that a plaintiff alleging employment discrimination does not have to plead the elements of a *prima facie* case because the *prima facie* case is an evidentiary standard rather than a pleading requirement. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510–15 (2002). Although this holding predates cases such as *Bell*

3

*Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), it is still good law. *See, e.g., Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1028 (7th Cir. 2013).

Under prevailing federal notice-pleading standards, a plaintiff alleging employment discrimination need only allege the type of discrimination that he thinks occurred, by whom, and when. *See Swanson v. Citibank, N.A.*, 614 F.3d 400, 404–05 (7th Cir. 2010). Hollis has alleged these facts. He alleges that he was terminated because he is Muslim and because he complained about religious discrimination in the workplace. Although the plaintiff does not identify the person who made the decision to terminate him, he identifies the individuals who informed the plaintiff that he could not wear a beard even though he is Muslim, and he identifies the individuals to whom he complained about being told he could not wear a beard. Finally, he alleges when all of this occurred—between February and July 2016. Thus, Hollis has stated claims for religious discrimination and retaliation.

As for G4S's alternative motion for a more definite statement, it will be denied because G4S does not identify any specific information not included in the complaint that it needs to prepare its response. As noted above, Hollis alleges specific facts about what happened to him. He alleges he was told that he could not wear a beard even if he was Muslim, and that he was later terminated when he refused to shave his beard. Hollis also alleges that he was terminated shortly after he told the defendant's human-resources department that his religion required him to wear a beard in the workplace. Although G4S could reasonably dispute whether these communications to human resources amounted to a complaint about prior discrimination that could support a

4

retaliation claim, it is clear that Hollis is alleging that they did.  There is nothing vague or ambiguous about his allegations.  Accordingly, G4S's motion for a more definite statement will be denied.

Finally, I note that Hollis, in his brief in opposition to the motion to dismiss, asks the court to sanction G4S's counsel under 28 U.S.C. § 1927 for making arguments in support of the motion to dismiss that he believes are "absurd." (Br. in Opp. at 5, ECF No. 12.)  However, sanctions under § 1927 require a finding of bad faith, s*ee Boyer v. BNSF Ry.*, 824 F.3d 694, 708 (7th Cir. 2016), and based on counsel's brief alone I cannot find that he acted in bad faith.  Because counsel made arguments that are directly contrary to established Supreme Court cases (*Zipes* and *Swierkiewicz*), it is arguable that he could be sanctioned under Federal Rule of Civil Procedure 11 for making arguments that are not "warranted by existing law."  Fed. R. Civ. P. 11(b)(2).  But the plaintiff has not complied with the safe-harbor provision of Rule 11, s*ee* Fed. R. Civ. P. 11(c)(2), and therefore I will not sanction defendant's counsel under that rule.

### III. CONCLUSION

For the reasons stated, **IT IS ORDERED** that the defendant's motion to dismiss or for a more definite statement (ECF No. 7) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 3rd day of July, 2018.

                                                  s/Lynn Adelman
                                                  LYNN ADELMAN
                                                  District Judge